[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-13996

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK M. O'NEILL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 2:18-cr-00022-LGW-BWC-6

_____

Before GRANT, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Patrick O'Neill is one of seven members of the "Plowshares Movement"[1] who illegally entered Kings Bay naval base in the middle of the night and committed various acts of vandalism as a religious protest of nuclear weapons. Based on those acts, all seven were indicted for conspiracy, destruction of property on a naval installation, depredation of government property, and trespass. O'Neill proceeded to trial, and a jury found him guilty as charged. He appeals his convictions and sentences, arguing that the district court should have granted his motion to dismiss the indictment under the Religious Freedom Restoration Act (RFRA). His argument is foreclosed by our decision in *United States v. Grady*, 18 F.4th 1275 (11th Cir. 2021), in which we rejected similar RFRA claims brought by three of his codefendants. We therefore affirm.

## I.

RFRA provides that the government "shall not substantially burden a person's exercise of religion" except where "it demonstrates that application of the burden to the person" is both "in furtherance of a compelling governmental interest" and "the least

---

[1] The group's name comes from a Bible verse: "He will judge between the nations and will settle disputes for many peoples. They will beat their swords into plowshares and their spears into pruning hooks. Nation will not take up sword against nation, nor will they train for war anymore." Isaiah 2:4 (NIV).

restrictive means of furthering that compelling government interest." 42 U.S.C. § 2000bb-1(a)–(b). A defendant may raise RFRA as a defense to criminal prosecution. *Id.* § 2000bb-1(c); *United States v. Grady*, 18 F.4th 1275, 1285 (11th Cir. 2021).

"[T]o establish a *prima facie* RFRA claim, a defendant must first show (1) that he or she was exercising (or was seeking to exercise) his or her sincerely held religious belief, and (2) that the government substantially burdened the defendant's religious exercise. The burden then shifts to the government to demonstrate that (3) it has a compelling interest, and (4) the challenged action in question is the least-restrictive means of furthering that interest." *Grady*, 18 F.4th at 1285 (internal citations omitted).

Generally, we review the denial of a motion to dismiss an indictment for abuse of discretion. *Id.* at 1284. But "whether government action 'comports with RFRA is a pure question of law,' which is subject to *de novo* review." *Id.* at 1285 (citation omitted).

## II.

Here, the parties do not dispute that O'Neill was exercising his sincerely held religious belief, the government substantially burdened that exercise, and the government has compelling interests in the safety and security of the naval base and its personnel and assets and the smooth operation of the base. The sole issue on appeal, therefore, is whether the government's prosecution of O'Neill is the least restrictive means of furthering those interests.

The "exceptionally demanding" least-restrictive-means standard "requires the government to show that it lacks other means of achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting party.  If a less restrictive means is available for the Government to achieve its goals, the Government must use it." *Id.* at 1286 (quoting *Holt v. Hobbs*, 574 U.S. 352, 364–65 (2015)).  Contrary to O'Neill's argument, however, this standard does not require the government to "bear the burden of proffering less restrictive alternatives or demonstrating that it actually considered and rejected those alternatives." *Id.* at 1286 n.12.  Instead, the government must "refute the alternative schemes proposed by" the defendant. *Id.* at 1286.

Like his codefendants, O'Neill proposed that a less restrictive alternative would be for the government to give Plowshares members permission to practice "symbolic denuclearization" on a designated area of the base—by, for example, allowing them to "deface missile replicas that were about to be repainted anyway," requiring them "to remedy their own damage," or asking for a security deposit.  As we explained in *Grady*, this proposed alternative is not a less restrictive means of accommodating both O'Neill's religious exercise and the government's compelling interests for two reasons: first, it does not accurately represent the religious activity at issue. *Id.* at 1286–87.  O'Neill and his codefendants illegally entered a secured naval base in the dead of night by cutting a lock and a fence; spray painted monuments, doors, and sidewalks; poured human blood on doors and other areas; hung banners and crime

scene tape; and used hammers, a saw, a pry bar, and an electric grinder to damage a static missile display and destroy electric signage on the base. They cannot avoid prosecution for this activity by suggesting that the government could accommodate a completely different religious exercise.

Second, allowing O'Neill "to practice symbolic yet destructive disarmament in a designated area would not be an effective means of achieving the government's interest in the safety and security of the naval base's assets" because it would still involve damaging government property and assets. *Id.* at 1287. Because the proposed alternative does not accommodate all of the government's compelling interests, it is not a viable less restrictive means. *Id.*

## III.

The district court did not err in concluding that the government met its burden of demonstrating that prosecuting O'Neill was the least restrictive means of furthering its compelling interests in the safety and security of the naval base, base personnel, and government assets, and did not abuse its discretion in rejecting O'Neill's RFRA-based challenge to the indictment. We affirm.

**AFFIRMED.**